

**EXHIBIT 11**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/227,863 | 08/27/2002 | Attaullah Zabihi | 13598-US | 8111 |

23553        7590        01/08/2008
MARKS & CLERK
P.O. BOX 957
STATION B
OTTAWA, ON K1P 5S7
CANADA

| EXAMINER |
|---|
| LY, ANH VU H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2616 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/08/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 10/227,863 | ZABIHI ET AL. |
| | Examiner | Art Unit | |
| | Anh-Vu H. Ly | 2616 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>19 October 2007</u>.

2a)☒ This action is **FINAL**.    2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-45</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-45</u> is/are rejected.

7)☒ Claim(s) <u>8 and 30-45</u> is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on <u>19 October 2007</u> is/are:  a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

        1.☐ Certified copies of the priority documents have been received.

        2.☐ Certified copies of the priority documents have been received in Application No. _____.

        3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08)
Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
Paper No(s)/Mail. Date. _____.

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

PTOL-326 (Rev. 08-06)                    **Office Action Summary**                    Part of Paper No./Mail Date 20080105

Application/Control Number:                                              Page 2
10/227,863
Art Unit: 2616

## DETAILED ACTION

### *Response to Amendment*

1.      This communication is in response to Applicants' amendment filed October 19, 2007.

Claims 1-45 are pending.

### *Claim Objections*

2.      Claims 8 and 30-45 are objected to because of the following informalities:

With respect to claim 8, in line 8, replace "each on of" with --each one of--.

With respect to claims 30-45, in line 1, replace "human-machine interface" with --

computer interface--.

Appropriate correction is required.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

3.      Claims 1-45 are rejected under 35 U.S.C. 102(e) as being anticipated by Gai et al (US

Patent No. 6,678,241 B1).  Hereinafter, referred to as Gai.

With respect to claims 1 and 30, Gai discloses a method of provisioning a backbone

VLAN (Fig. 4) comprising:

obtaining a least one backbone VLAN Identifier (Fig. 5C, RED VLAN);

selecting a plurality of backbone VLAN trunks (Fig. 2, trunks 248); and

Application/Control Number:                                    Page 3
10/227,863
Art Unit: 2616

associating the backbone VLAN ID with each one of the plurality of backbone VLAN

trunks (col. 7, lines 10-15, switches 230-246 associate their respective trunk ports that are

coupled to links 248 with the VLAN designations or domains associated with the various LANs,

hosts, end stations, servers, etc...);

the selection and association of the backbone VLAN ID with each one of the plurality of

backbone VLAN trunks being undertaken irrespective of a one of an in-use and a stand-by

designation of each one of the plurality of backbone VLAN trunks (col. 9, lines 34-37 and col.

10, lines 37-41, for each logical VLAN, the network administrator preferably defines a set of

physical VLANs for association with the given logical VLAN.  The set of physical VLANs

associated with each logical VLAN are preferably configured and established so that, for every

link 248 of network 200, there is at least one physical VLAN within that set whose loop-free

topology has that link 248 in the blocked state. As illustrated in Fig. 5C, RED logical VLAN

includes physical VLANs 10-13.  Herein, each physical VLAN includes a number of trunks 248

for interconnecting the switches.  Further, each physical VLAN is designated as ACTIVE,

STAND-BY, and UNUSABLE.  This implies that the trunks in the physical VLANs associated

with each logical VLAN are undertaken irrespective of a one in-use and/or stand-by

designation).

With respect to claim 2, Gai discloses tracking previously obtained backbone VLAN IDs

(Fig. 5C, RED, BLUE, YELLOW, and GREEN identifiers).

Application/Control Number:                                    Page 4
10/227,863
Art Unit: 2616

With respect to claim 3, Gai discloses generating the at least one backbone VLAN ID

(Fig. 5C, RED identifier).


With respect to claim 4, Gai discloses generating a unique backbone VLAN ID (Fig. 5C,

RED identifier).


With respect to claims 5 and 33, Gai discloses selecting all managed backbone VLAN

trunks (Fig. 2, trunks 248).


With respect to claim 6, Gai discloses selecting all managed backbone VLAN trunks in

an associated realm of management (Fig. 2, trunks 248).


With respect to claims 7 and 34, Gai discloses de-selecting at least one backbone VLAN

trunk (col. 10, lines 42-43, the loop-free topology established for a first physical VLAN may

have the link between switches 238 and 244 blocked).


With respect to claims 8 and 21, Gai discloses determining a plurality of stackable trunk

ports corresponding to the plurality of backbone VLAN trunks (Fig. 2, ports 1-3 of switch 230);

and associating the backbone VLAN ID with each one of the plurality of stackable trunk ports

(col. 14, lines 28-30 and Fig. 3, there is at least one physical VLAN associated with the red

logical VLAN whose loop free topology has port 302b blocked.  Herein, ports 302a – 302c are

trunk ports associated with RED identifier); the association of the backbone VLAN ID with each

Application/Control Number:                                          Page 5
10/227,863
Art Unit: 2616

one of the plurality of stackable trunk ports being undertaken irrespective of a one an in-use and

a stand-by designation of each one of the plurality of backbone VLAN trunks and each one of

the plurality of stackable trunk ports (Fig. 5C, the trunk ports of physical VLANs associated with

RED VLAN are undertaken irrespective of a one of an in-use or stand-by designation).

    With respect to claims 9 and 36, Gai discloses selecting all managed stackable trunk ports

(Fig. 2, trunk ports 1-3 of switch 230).

    With respect to claims 10 and 37, Gai discloses selecting all managed stackable trunk

ports in the associated realm of management (Fig. 2, trunk ports 1-3 of switch 230).

    With respect to claims 11 and 38, Gai discloses de-selecting at least one selected

stackable trunk port (col. 14, lines 28-30 and Fig. 3, there is at least one physical VLAN

associated with the red logical VLAN whose loop free topology has port 302b blocked.  Herein,

port 302b is de-selected).

    With respect to claims 12, 22, 28, and 39, Gai discloses issuing commands to the

plurality of stackable trunk ports to enable support for backbone VLAN ID associated

communications (col. 9, lines 26-29, to define the logical VLANs and assign membership, the

network manager may use a convention Command Line Interface or SNMP).

Application/Control Number:                                    Page 6
10/227,863
Art Unit: 2616

With respect to claims 13 and 40, Gai discloses selecting at least two tunnel access ports

(Fig. 2, ports 4-8 of switch 230); and associating the backbone VLAN ID with the selected

tunnel access ports (Fig. 2, port 8 of switch 230 and another port of switch 232 are designated as

RED identifier).

With respect to claims 14, 41, and 42, Gai discloses issuing commands to the selected

tunnel access ports to enable support for backbone VLAN ID associated communications (col. 8,

lines 14-19, the configuration of the various ports 302 as access or trunk ports may be performed

by utilizing a conventional management protocol, such as SNMP or Cisco-Works from Cisco

Systems, Inc.).

With respect to claims 15, 23, 29, 35, and 43, Gai discloses issuing commands to

determine a backbone VLAN provisioning status associated with at least one of a backbone

VLAN, a backbone VLAN trunk, a stackable trunk port, a tunnel access port, and a VLAN

access port (col. 9, lines 26-29, to define the logical VLANs and assign membership, the network

manager may use a convention Command Line Interface or SNMP).

With respect to claims 16 and 44, Gai discloses defining at least one switching rule by

specifying a one of a VLAN access port to VLAN access port binding (Fig. 3, block 314).

With respect to claim 17, Gai discloses a method of provisioning a backbone VLAN

trunk comprising:

Application/Control Number:                                    Page 7
10/227,863
Art Unit: 2616

    obtaining a plurality of backbone VLAN IDs associated with a corresponding plurality of

provisioned backbone VLANs (Fig. 5C, RED, BLUE, YELLO, AND GREEN); and

    associating the plurality of backbone VLAN IDs with the backbone VLAN trunk (col. 7,

lines 10-15, switches 230-246 associate their respective trunk ports that are coupled to links 248

with the VLAN designations or domains associated with the various LANs, hosts, end stations,

servers, etc...);

    the association of the plurality of backbone VLAN IDs with the backbone VLAN trunk

being undertaken irrespective of a one of an in-use and a stand-by designation of the backbone

VLAN trunk (col. 9, lines 34-37 and col. 10, lines 37-41, for each logical VLAN, the network

administrator preferably defines a set of physical VLANs for association with the given logical

VLAN. The set of physical VLANs associated with each logical VLAN are preferably

configured and established so that, for every link 248 of network 200, there is at least one

physical VLAN within that set whose loop-free topology has that link 248 in the blocked state.

As illustrated in Fig. 5C, RED logical VLAN includes physical VLANs 10-13. Herein, each

physical VLAN includes a number of trunks 248 for interconnecting the switches. Further, each

physical VLAN is designated as ACTIVE, STAND-BY, and UNUSABLE. This implies that the

trunks in the physical VLANs associated with each logical VLAN are undertaken irrespective of

a one in-use and/or stand-by designation).


    With respect to claims 18, 25, and 31, Gai discloses obtaining backbone VLAN IDs

associated with all provisioned backbone VLANs (Fig. 5C, RED, BLUE, YELLOW, and

GREEN).

Application/Control Number:                                          Page 8
10/227,863
Art Unit: 2616

With respect to claims 19 and 26, Gai discloses obtaining backbone VLAN IDs

associated with all provisioned backbone VLANs in a realm of management (Fig. 5C, RED,

BLUE, YELLOW, and GREEN).

With respect to claims 20, 27, and 32, Gai discloses disregarding at least one backbone

VLAN ID subsequent to obtaining the plurality of backbone VLAN IDs (col. 6, line 59, numeric

identifiers 0 and 4095 are reserved).

With respect to claim 24, Gai discloses a method of provisioning a stackable trunk port

comprising:

obtaining a plurality of backbone VLAN IDs associated with a corresponding plurality of

provisioned backbone VLANs (Fig. 5C, RED, BLUE, YELLO, AND GREEN); and

associating the plurality of backbone VLAN IDs with the stackable trunk port (col. 14,

lines 28-30 and Fig. 3, there is at least one physical VLAN associated with the red logical VLAN

whose loop free topology has port 302b blocked.  Herein, ports 302a – 302c are trunk ports

associated with RED identifier); the association of the plurality of backbone VLAN IDs with the

stackable trunk port being undertaken irrespective of a one an in-use and a stand-by designation

of the stackable trunk port (Fig. 5C, the trunk ports of physical VLANs associated with RED

VLAN are undertaken irrespective of a one of an in-use or stand-by designation).

With respect to claim 45, Gai discloses a network management system using the interface

defined in claim 30 to effect backbone VLAN provisioning in a managed communications

Application/Control Number:                                         Page 9
10/227,863
Art Unit: 2616

network (col. 9, lines 26-29, to define the logical VLANs and assign membership, the network

manager may use a convention Command Line Interface or SNMP).

### *Response to Arguments*

4.      Applicant's arguments filed October 19, 2007 have been fully considered but they are not

persuasive.

First of all, Applicants are suggested to replace the phrase "human-machine interface"

recited in line 1 of claims 30-45 with "computer interface" since an interface for provisioning a

VLAN in a network having selecting and associating functions must be a computer interface.

Applicants argue in page 11 that the present invention, as claimed, is directed to a method

of increasing the number of possible actual VLANs beyond the usual 4096 limit.  Examiner

respectfully disagrees.  None of the pending claims recites "a method of increasing the number

of possible actual VLANs beyond the usual 4096 limit" as argued by the Applicants.

Applicants argue in page 12 that Gai does not teach a method of provisioning a backbone

VLAN.  A backbone VLAN is a path through the core of a network, defined by the switching

rules for the stackable trunk ports, which is able to carry a number of VLANs.  The backbone

VLAN uses a field which is in addition to the usual VLAN ID field in order that the various core

routers through which the backbone VLAN passes are able to switch packets to appropriate

stackable trunk ports.  Examiner respectfully disagrees.  Gai discloses in Fig. 4, a method of

provisioning a plurality of logical VLANs in a network.  Herein, a VLAN among the VLANs is

considered as a backbone VLAN by the Examiner.  Claim 1 does not recite that "a backbone

VLAN is a path through the core of a network, defined by the switching rules for the stackable

Application/Control Number:                                          Page 10
10/227,863
Art Unit: 2616

trunk ports, which is able to carry a number of VLANs. The backbone VLAN uses a field which

is in addition to the usual VLAN ID field in order that the various core routers through which the

backbone VLAN passes are able to switch packets to appropriate stackable trunk ports" as

argued by the Applicants. Therefore, Applicants' arguments are not directed to the claimed

invention.

Applicants argue in page 12 that Gai does not disclose obtaining at least one backbone

VLAN ID. Further, there is no way equivalent to a backbone VLAN ID, since a backbone

VLAN ID identifies a backbone VLAN which, as explained above, may carry a multitude of

vLANs over a single trunk. Examiner respectfully disagrees. Gai discloses in Fig. 5C that each

VLAN is associated with a color. Herein, the color represents the VLAN ID. Further, it should

be noticed that Applicants' explanations are not part of the claims. Therefore, Examiner does not

interpret the claims in such a way as, should be interpreted, by the Applicants.

Applicants argue in page 13 that Gai does not disclose selecting a plurality of backbone

VLAN trunks. Examiner respectfully disagrees. Gai discloses that the switches 230-246

associate their respective trunk ports that are coupled to links 248 with the VLAN designations

or domains associated with the various LANs, hosts, end stations, servers, etc…(col. 7, lines 10-

15. Herein, links are selected as part of VLAN designations).

Applicants argue in page 13 that Gai does not disclose associating the backbone VLAN

IDs with each one of the plurality of backbone VLAN trunks and wherein the selection and

association of the backbone VLAN IDs with the backbone VLAN trunks is undertaken

irrespective of an in-use and a stand-by designation of the backbone VLANs trunks. Examiner

respectfully disagrees. Gai discloses that (col. 9, lines 34-37 and col. 10, lines 37-41) for each

Application/Control Number:
10/227,863
Art Unit: 2616

Page 11

logical VLAN, the network administrator preferably defines a set of physical VLANs for
association with the given logical VLAN. The set of physical VLANs associated with each
logical VLAN are preferably configured and established so that, for every link 248 of network
200, there is at least one physical VLAN within that set whose loop-free topology has that link
248 in the blocked state. As further illustrated in Fig. 5C, RED logical VLAN includes physical
VLANs 10-13. Herein, each physical VLAN includes a number of trunks 248 for
interconnecting the switches. Further, each physical VLAN is designated as ACTIVE, STAND-
BY, and UNUSABLE. This implies that the trunks in the physical VLANs associated with each
logical VLAN are undertaken irrespective of a one in-use and/or stand-by designation. Herein,
each trunk among the trunks in the active vLAN and stand-by vLANs of a logical VLAN is
associated with the logical VLAN ID regardless whether that trunk is an active trunk or a stand-
by trunk of an active VLAN or stand-by VLANs.

Applicants' arguments regarding claims 17, 24, and 30 on pages 14-17 are similar to the
presented claim 1. Therefore, Examiner's positions are applied to claim 1 as well as claims 17,
24, and 30.

### *Conclusion*

5.    **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time
policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE
MONTHS from the mailing date of this action. In the event a first reply is filed within TWO
MONTHS of the mailing date of this final action and the advisory action is not mailed until after
the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

Application/Control Number:                                           Page 12
10/227,863
Art Unit: 2616

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the mailing

date of this final action.

6.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Anh-Vu H. Ly whose telephone number is 571-272-3175.  The

examiner can normally be reached on Monday-Friday 7:00am - 4:00pm.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Chi Pham can be reached on 571-272-3179.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

        Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would

like assistance from a USPTO Customer Service Representative or access to the automated

information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

avl